**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALEXI REYNALDO HERRERA MARTINEZ,<br><br>*Petitioner*,<br><br>v.<br><br>PAMELA BONDI, *et al.*,<br><br>*Respondents*. | Civil Action No. 26-cv-02713<br><br>**ORDER**<br><br>August 5, 2026 |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Alexi Reynaldo Herrera Martinez ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner alleges that he is a native and citizen of Honduras who entered the United States approximately twenty years ago and currently resides in Uniondale, New York (*id.* ¶¶ 14-15); and

**WHEREAS**, Petitioner alleges that he has no criminal record in the United States or Honduras, has paid taxes for approximately seven years, and currently possesses a valid employment authorization document (*id.* ¶¶ 16-19); and

**WHEREAS**, Petitioner alleges that he is married and resides with his family, including his two minor children, ages thirteen and six (*id.* ¶ 18); and

**WHEREAS**, Petitioner alleges that he has a pending application for asylum and further contends that he may be eligible to seek cancellation of removal if placed in removal proceedings

(*id.* ¶¶ 20-21); and

**WHEREAS**, Petitioner alleges that, on March 7, 2026, while traveling to work, he was detained by immigration officers and later transported to the Delaney Hall Detention Facility in Newark, New Jersey (*id.* ¶¶ 12-13, 23, 75); and

**WHEREAS**, Petitioner alleges that the arresting officers did not provide him with a Form I-200 Warrant for Arrest of Alien and did not advise him of his immigration rights (*id.* ¶¶ 24-25, 77); and

**WHEREAS**, Petitioner further alleges that he has not received an individualized custody determination or an opportunity to seek release from detention (*id.* ¶¶ 26, 79); and

**WHEREAS**, Petitioner alleges that he was arrested without prior notice while traveling to work and that immigration officers did not evaluate whether he presented a risk of flight or a danger to the community before placing him into custody (*id.* ¶¶ 75, 78); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1) and resolves this matter on statutory grounds; and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, ____ F. Supp. 3d _____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5

2

(E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel*, 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g., Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an

3

administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS,** on this 5th^d day of August 2026,

**ORDERED** that the Court's Text Order dated March 17, 2026 (ECF No. 3), directing Respondents to release Petitioner within twenty-four (24) hours, is hereby incorporated into this Order; and the Court notes that Respondents have complied with that directive by releasing Petitioner (ECF No. 5); and it is further

**ORDERED** that, absent material change in circumstances, Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

Hon. Karen M. Williams
United States District Judge

4